**°⊥ JS 44** (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a)   PLAINTIFFS

THE CHUCK OLSEN CO., INC.

## DEFENDANTS

RIPPLE RILEY THOMAS, LLC; HELEN RIPPLE; KATHLEEN RILEY; ANNE THOMAS

**(b)** County of Residence of First Listed Plaintiff   Tulare County, CA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)**   Attorney's (Firm Name, Address, and Telephone Number)

Marion I. Quesenbery, Rynn & Janowsky, LLP; P.O. Box 20799, Oakland, CA 94620; (510) 705-8894.

Attorneys (If Known)

## II.  BASIS OF JURISDICTION (Place an "X" in One Box Only)

|   |   |
|---|---|
| ☐ 1 | U.S. Government Plaintiff |
| ☒ 3 | Federal Question (U.S. Government Not a Party) |
| ☐ 2 | U.S. Government Defendant |
| ☐ 4 | Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☒ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | | ☐ 892 Economic Stabilization Act |
| | | | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | Act |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | ☐ 900Appeal of Fee |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | **IMMIGRATION** | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus – | | ☐ 950 Constitutionality of |
| | Other | | Alien Detainee | | State Statutes |
| | ☐ 440 Other Civil Rights | | ☐ 465 Other Immigration | | |
| | | | Actions | | |

## V.  ORIGIN (Place an "X" in One Box Only)

Transferred from another district

|   |   |
|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court |
| ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened |
| ☐ 5 another district (specify) | ☐ 6 Multidistrict Litigation |
| ☐ 7 Appeal to District Judge from Magistrate Judgment | |

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

7 U.S.C. section 499(e)(5)

Brief description of cause:

Violations of Perishable Agricultural Commodities Act, 7 U.S.C. sections 499a et seq.

## VII.  REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $ 21,760

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)

☒ SAN FRANCISCO/OAKLAND          ☐ SAN JOSE

DATE
6/20/08

SIGNATURE OF ATTORNEY OF RECORD



1  Marion I. Quesenbery, Cal. SBN 072308
   Elise C. O'Brien, Cal. SBN 245967
2  RYNN & JANOWSKY, LLP
   P.O. Box 20799
3  Oakland, CA  94620
   Telephone:    (510) 705-8894
4  Facsimile:    (510) 705-8737
   E-mail:  marion@rjlaw.com
5  E-mail:  elise@rjlaw.com

6  Attorneys for Plaintiff
   The Chuck Olsen Co., Inc.
7

**FILED**

JUN 20 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

8            UNITED STATES DISTRICT COURT

9         FOR THE NORTHERN DISTRICT OF CALIFORNIA

ADR

10  THE CHUCK OLSEN CO., INC.,          CASE NO.  **C08-03040**

                                                              BZ

11              Plaintiff,              **COMPLAINT FOR VIOLATIONS OF
                                        THE PERISHABLE AGRICULTURAL
12       v.                             COMMODITIES ACT ("PACA") [7
                                        U.S.C. § 499a, *et seq.*]
13  RIPPLE RILEY THOMAS, LLC; HELEN
    RIPPLE; KATHLEEN RILEY; and ANNE    **1.    ENFORCEMENT OF PACA
14  THOMAS,                                     TRUST PROVISIONS;**
                                        **2.    BREACH OF CONTRACT;**
15              Defendants.             **3.    BREACH OF FIDUCIARY DUTY
                                               BY PACA TRUSTEE;**
16                                      **4.    VIOLATION OF PACA:
                                               FAILURE TO PAY PROMPTLY
17                                             AND TO MAINTAIN TRUST;**
                                        **5.    UNJUST ENRICHMENT.**
18

19       Plaintiff The Chuck Olsen Co., Inc. ("Olsen" or "Plaintiff") complains and alleges as

20  follows:

21                                    **I.**

22                         **JURISDICTION AND VENUE**

23       1.    This Court has jurisdiction of this case pursuant to the Perishable Agricultural

24  Commodities Act [7 U.S.C. § 499e(c)(5)] ("PACA"), 28 U.S.C. § 1331, and 28 U.S.C. § 1332.

In addition, under 28 U.S.C. § 1367(a), this Court has jurisdiction of any state law claims and

COMPLAINT                    1

GO 44 SEC. 2
NOTICE OF ASSIGNMENT
TO MAGISTRATE JUDGE SENT

1 | remedies by virtue of the Court's supplemental jurisdiction, because the state law claims form

2 | part of the same case or controversy.  Venue is proper under 28 U.S.C. § 1391(b).

3 |       2.     Plaintiff The Chuck Olsen Co., Inc. is a California corporation whose principal

4 | place of business is in Visalia, California.

5 |       3.     Plaintiff is informed and believes and thereon alleges that Defendant Ripple Riley

6 | Thomas, L.L.C. ("Ripple Riley") is and was during all material times a California limited

7 | liability company with its principal place of business in Ukiah, California.

8 |       4.     Plaintiff is informed and believes and thereon alleges that Defendant Helen

9 | Ripple is an individual who resides in Santa Rosa, California.

10 |       5.     Plaintiff is informed and believes and thereon alleges that Defendant Kathleen

11 | Riley is an individual who resides in San Francisco, California.

12 |       6.     Plaintiff is informed and believes and thereon alleges that Defendant Anne

13 | Thomas is an individual who resides in Sacramento, California.

14 | **II.**

15 | **INTRADISTRICT ASSIGNMENT**

16 |       7.     This action arose in Ukiah, California.  Defendant Ripple Riley's principal place

17 | of business is in Ukiah, California.  Plaintiff is informed and believes that the individual

18 | Defendants conduct business in Ukiah, California as the three members of the Defendant limited

19 | liability company Ripple Riley Thomas, L.L.C. and that they reside in Santa Rosa, San

20 | Francisco, and Sacramento.  Plaintiff alleges in this Complaint that Defendants owe Plaintiff

21 | $21,760.00 for fresh fruit (e.g., kiwi, navel oranges, tangerines) that Plaintiff sold and shipped to

22 | Defendant Ripple Riley from January 2008 through February 2008 in interstate commerce to

23 | Defendant Ripple Riley in Ukiah, California, pursuant to the contracts of sale between Plaintiff

24 | and Defendant Ripple Riley.  These contracts were entered into in Ukiah, California.  In

COMPLAINT          2

1    addition, Defendants Kathleen Riley, Helen Ripple, and Anne Thomas breached their fiduciary

2    duty in Ukiah, California by allowing Defendant Ripple Riley to dissipate the PACA trust assets

3    held by Ripple Riley for the benefit of Plaintiff.

4                                                    **III.**

5                                    **FIRST CAUSE OF ACTION**

6                          **(ENFORCEMENT OF THE PACA TRUST PROVISIONS;**
                             **DISGORGEMENT OF PACA TRUST ASSETS)**
7                                    ***Against All Defendants***

8        8.      Plaintiff realleges and incorporates by reference paragraphs 1 through 7 of this

9    Complaint as though fully set forth in this paragraph 8.

10       9.      Plaintiff Olsen is and was at all relevant times engaged in the business of

11   growing, selling, and shipping agricultural commodities – as defined by the Perishable

12   Agricultural Commodities Act, 7 U.S.C. §§ 499a *et seq.* ("PACA") – throughout the United

13   States and internationally, and it is currently and was at all relevant times licensed by the United

14   States Department of Agriculture ("USDA") as a commission merchant, dealer, and/or broker of

15   perishable agricultural commodities (license number 20031451).

16       10.     Defendant Ripple Riley is and was, at all relevant times, engaged in the business

17   of purchasing and selling perishable agricultural commodities – as defined by the PACA, and it

18   currently is and was at all relevant times licensed by the USDA as a commission merchant,

19   dealer, and/or broker of perishable agricultural commodities (license number 20030262).

20       11.     Plaintiff is informed and believes and thereon alleges that Defendants Anne

21   Thomas, Helen Ripple, and Kathleen Riley are and at all relevant times where the owners,

22   managing members, and officers of Ripple Riley and that they now and at all relevant times did

23   control its day-to-day management, financial affairs, and PACA trust assets.

24

COMPLAINT                                      3

1    12.    From January 2008 through February 2008, Plaintiff Olsen sold and shipped

2  perishable agricultural commodities (e.g., navel oranges, kiwis, tangerines) to Defendant Ripple

3  Riley at Ripple Riley's request. Defendant Ripple Riley agreed to pay Olsen $21,760 for this

4  fresh fruit; however, Ripple Riley has failed to pay for the perishable agricultural commodities as

5  agreed, and $21,760 remains long past due and unpaid by Ripple Riley. Payment was due within

6  10 days of acceptance of the fruit by Ripple Riley. 7 C.F.R. § 46.2(aa)(5).

7    13.    Pursuant to the PACA trust provisions, 7 U.S.C. § 499e(c), upon receipt by Ripple

8  Riley of Plaintiff's fresh fruit, Plaintiff became the beneficiary of a floating, non-segregated

9  statutory trust on "all [of Ripple Riley's] inventories of food or other products derived from

10 perishable agricultural commodities, and any receivables or proceeds from the sale of such

11 commodities or products . . . until full payment of the sums owing" is made to Plaintiff.

12    14.    At or about the date of each sale of perishable agricultural commodities to Ripple

13 Riley, Plaintiff sent an invoice to Ripple Riley. Each invoice set forth information in sufficient

14 detail to identify the transaction and the sum owed by Ripple Riley to Plaintiff for the perishable

15 agricultural commodities purchased by Ripple Riley. Each invoice also included the language

16 required by the PACA, 7 U.S.C. §499e(c)(4), to preserve Plaintiff's PACA trust rights for the

17 total sum owed under the invoices.

18    15.    Plaintiff has performed and fulfilled all duties required of it to preserve its PACA

19 trust rights. As a result, Plaintiff holds – and since the day Ripple Riley received the perishable

20 agricultural commodities from Plaintiff has held – a perfected interest as a statutory trust

21 beneficiary in the PACA trust assets held by Ripple Riley. Indeed, the PACA trust assets never

22 became the property of Ripple Riley. Rather, as the beneficiary of the PACA trust, Plaintiff

23 holds equitable title to the trust assets held by Ripple Riley, which include but are not limited to

24 all inventory of perishable agricultural commodities, all proceeds and receivables from the sale

COMPLAINT                    4

1    of perishable agricultural commodities, and all assets purchased with or maintained by the

2    proceeds from the sale of perishable agricultural commodities.

3         16.      The PACA trust requires and required Defendants Ripple Riley, Helen Ripple,

4    Kathleen Riley, and Anne Thomas to hold and preserve all perishable agricultural commodities,

5    proceeds, and receivables in trust for the benefit of Plaintiff, until full payment is made by Ripple

6    Riley to Plaintiff. Plaintiff is informed and believes and on that basis alleges that Defendants

7    Ripple Riley, Helen Ripple, Kathleen Riley, and Anne Thomas have failed to maintain the trust

8    assets and to keep them available to satisfy Defendant Ripple Riley's obligations to Plaintiff.

9         17.      Plaintiff is informed and believes and on that basis alleges that Defendants

10    improperly dissipated Plaintiff's interest in the PACA trust assets held by Ripple Riley by

11    wrongfully transferring or diverting them to themselves and/or to other third parties who were

12    not bona fide purchasers, by granting a security interest in the trust assets, by failing to maintain

13    the trust, and/or by using the trust assets for purposes other than for paying Plaintiff, all in

14    violation of the PACA and in breach of their fiduciary duties. 7 U.S.C. §§ 499b(4) & 499e(c).

15         18.      As a direct and proximate result of the wrongful acts and omissions of Defendants

16    Ripple Riley, Helen Ripple, Kathleen Riley, and Anne Thomas, Plaintiff has been damaged in

17    the sum of \$21,760, plus pre and post judgment interest at the contractual rate of 18% per year,

18    costs, and attorneys' fees, all of which qualifies for protection under the PACA trust provisions.

19         19.      Consequently, because Plaintiff has and had a superior interest in Ripple Riley's

20    PACA trust assets, Defendants should account for all PACA trust assets currently in Ripple

21    Riley's possession or previously held by Ripple Riley. In addition, Defendants should disgorge

22    all PACA trust assets, now in their possession or in the possession of third parties controlled by

23    them, to Plaintiff until Plaintiff has been paid in full for the fresh fruit that it sold and shipped to

24    Ripple Riley.

**IV.**

**SECOND CAUSE OF ACTION**

**(BREACH OF CONTRACT)**
*Against Defendant Ripple Riley*

20.     Plaintiff realleges and incorporates by reference paragraphs 1 through 19 of this Complaint as though fully set forth in this paragraph 20.

21.     Plaintiff has fulfilled all of its obligations under the contracts with Defendant Ripple Riley; however, Ripple Riley has failed to pay Plaintiff the sums that it agreed to pay Plaintiff for the perishable agricultural commodities that Plaintiff sold and shipped to Ripple Riley.

22.     Plaintiff has repeatedly demanded that Defendant Ripple Riley pay the $21,760 that Ripple Riley owes it and that is well past due; however, in breach of its contracts with Plaintiff, Ripple Riley has failed to do so.

23.     As a direct and proximate result of Defendant Ripple Riley's breach of the contracts with Plaintiff, Plaintiff have been damaged in the sum of $21,760, plus pre and post judgment contractual interest at the rate of 18%, attorneys' fees, and costs.

**V.**

**THIRD CAUSE OF ACTION**

**(BREACH OF FIDUCIARY DUTY BY PACA TRUST TRUSTEE)**
*Against Defendants Helen Ripple, Kathleen Riley, and Anne Thomas*

24.     Plaintiff realleges and incorporates by reference paragraphs 1 through 23 of this Complaint as though fully set forth in this paragraph 24.

25.     As the owners, managing members, and officers of Ripple Riley, Defendants Helen Ripple, Kathleen Riley, and Anne Thomas controlled and continue to control the day-to-day operations, financial affairs, and PACA trust assets of Ripple Riley.

COMPLAINT                                      6

26. As individuals in a position to control the PACA trust assets held by Ripple Riley, Defendants Helen Ripple, Kathleen Riley, and Anne Thomas are and were at all relevant times the statutory trustees of the PACA trust assets held by Ripple Riley for the benefit of Plaintiff. As trustees, Defendants Helen Ripple, Kathleen Riley, and Anne Thomas were required to maintain the PACA trust assets in a manner that insured that they would be readily available to satisfy Ripple Riley's outstanding debt to Plaintiff.

27. Defendants Helen Ripple, Kathleen Riley, and Anne Thomas breached their fiduciary duty by failing to maintain the PACA trust assets in a manner so as to insure payment to Plaintiff, by dissipating the PACA trust assets, and by failing to account for the PACA trust assets.

28. As a direct and proximate result of Defendants Helen Ripple, Kathleen Riley, and Anne Thomas's breach of their fiduciary duty, Plaintiff has been damaged in the sum of $21,760, plus interest at the contractual rate of 18% per year, costs, and attorneys' fees.

## VI.

## FOURTH CAUSE OF ACTION

### (FAILURE TO PAY PROMPTLY AND TO MAINTAIN PACA TRUST)
*Against Defendant Ripple Riley*

29. Plaintiff realleges and incorporates by reference paragraphs 1 through 28 of this Complaint as though fully set forth in this paragraph 29.

30. Although the agreed time for payment for Plaintiff's fresh fruit is long past due, Ripple Riley has failed and continues to fail to make full payment for these commodities.

31. In addition, Ripple Riley has failed to properly maintain the PACA trust assets so as to have sufficient funds to pay Plaintiff in full for the fresh fruit that Ripple Riley purchased from Plaintiff.

COMPLAINT                                                    7

1    32.    Ripple Riley's failure to "make full payment promptly" for all sums due to

2    Plaintiff and its failure "to maintain the trust," so as to be freely available to pay Plaintiff, are

3    violations of the PACA. 7 U.S.C. § 499b(4).

4    33.    As a direct and proximate result of Defendant Ripple Riley's violations of the

5    PACA, Plaintiff have been damaged in the sum of $21,760, plus interest, costs, and attorneys'

6    fees.

7    **VII.**

8    **FIFTH CAUSE OF ACTION**

9    **(Unjust Enrichment)**
     ***Against All Defendants***

10   34.    Plaintiff alleges and incorporates by reference paragraphs 1 through 33 inclusive,

11   of this Complaint as though fully set forth in this paragraph 34.

12   35.    Plaintiff is informed and believes that Defendants converted, or are now in the

13   process of converting, to their own use and benefit, the proceeds from the sale of Plaintiff's fresh

14   fruit.

15   36.    If Defendants are allowed to continue to convert and/or use these proceeds, they

16   will be unjustly enriched to the detriment of Plaintiff.

17   37.    As a direct and proximate result of Defendants' wrongful conversion of funds due

18   to Plaintiff, Plaintiff has been damaged and Defendants have been unjustly enriched in the sum

19   of $21,760.

20   **WHEREFORE,    PLAINTIFF    PRAYS    FOR    JUDGMENT    AGAINST**

21   **DEFENDANTS AS FOLLOWS:**

22

23

24

COMPLAINT                                    8

1
2

## FIRST CAUSE OF ACTION
**(Enforcement of the PACA Trust Provisions;**
**Disgorgement of PACA Trust Assets)**

3   <u>**Against All Defendants, Jointly and Severally:**</u>

4   A.      For an order requiring Defendants to immediately account for and pay and/or disgorge to

5           Plaintiff all PACA trust assets held by or previously held by Ripple Riley, until Plaintiff

6           has been paid in full ($21,760), plus interest at the contract rate of 18% per year from the

7           date the obligation became due and payable to Plaintiff until fully paid, costs, and

8           attorneys' fees; and

9   B.      For such other and further relief as the Court may deem just and proper.

10                                  ## SECOND CAUSE OF ACTION
                                        **(Breach of Contract)**

11
        <u>**Against Defendant Ripple Riley:**</u>
12
    C.      For damages in the total sum of $21,760;
13
    D.      For interest at the contract rate of 18% per year from the date the obligation became due
14
            and payable to Plaintiff until fully paid, attorneys' fees, and costs; and
15
    E.      For such other and further relief as the Court may deem just and proper.
16
                                    ## THIRD CAUSE OF ACTION
17                                      **(Breach of Fiduciary Duty by**
                                        **PACA Trust Trustee)**
18
    <u>**Against Defendants Helen Ripple, Kathleen Riley, and Anne Thomas, Jointly and**</u>
19  <u>**Severally:**</u>

20  F.      For damages in the total sum of $21,760;

21  G.      For interest at the contract rate of 18% per year from the date the obligation became due

22          and payable to Plaintiff until fully paid;

23  H.      For attorneys' fees and costs of suit incurred; and

24  I.      For such other and further relief as the Court may deem just and proper.

COMPLAINT                                    9

**FOURTH CAUSE OF ACTION**
**(Failure to Pay Promptly and to Maintain PACA Trust)**

**Against Defendant Ripple Riley:**

J.     For an order requiring Defendant Ripple Riley to immediately account for and to pay all sums due to Plaintiff in the total amount of $21,760;

K.     For interest at the contract rate of 18% per year from the date the obligation became due and payable to Plaintiff until fully paid;

L.     For attorneys' fees and costs of suit incurred; and

M.     For such other and further relief as the Court may deem just and proper.

**FIFTH CAUSE OF ACTION**
**(For Unjust Enrichment)**

**Against All Defendants, Jointly and Severally:**

N.     For damages in the total sum of $21,760;

O.     For interest at the highest rate allowable from the date the obligation became due and payable to Plaintiff until fully paid;

P.     For costs of suit incurred; and

Q.     For such other and further relief as this Court deems just and proper.

Date: June 19, 2008                    RYNN & JANOWSKY, LLP

                                       By: _____
                                           MARION I. QUESENBERY
                                           Attorneys for Plaintiff
                                           The Chuck Olsen Co., Inc.

COMPLAINT                              10